UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JONAH MOORE, #208999,

                Plaintiff,

v.                                CASE NO. 10-cv-10680
                                HON. JOHN CORBETT O'MEARA

MICHIGAN DEPARTMENT
OF CORRECTIONS,

                Defendant.
_____/

## <u>ORDER OF DISMISSAL</u>

### I. Introduction

      Plaintiff Jonah Moore is a state prisoner at Cooper Street Correctional Facility in

Jackson, Michigan.  He has sued the Michigan Department of Corrections in a *pro se*

complaint under 42 U.S.C. § 1983.  The complaint alleges that Plaintiff has been

mistreated and tortured by state officials and prisoners during twenty years of

incarceration.  Among other things, Plaintiff alleges that a guard and prisoner broke his

arm in August of 2008 and that guards are stealing his paycheck.  Plaintiff seeks to

have the Court indict Patricia L. Caruso, Director of the Michigan Department of

Corrections, who allegedly denied his grievance on the issue.

### II. Discussion

      Plaintiff has been granted leave to proceed without prepayment of the filing fee

for this action.  An indigent prisoner's civil rights complaint against a governmental

entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to

state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's claims are frivolous and fail to state a claim because the Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity and consented to suit. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 66 (1989); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam* opinion). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana* 134 U.S. 1 (1890)." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and "Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. § 1983 . . . ." *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993).

Furthermore, the Court cannot grant the requested relief. The decision whether to prosecute and what charge to file or bring before a grand jury rests entirely in the discretion of the prosecutor. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

2

Accordingly, Plaintiff's complaint is summarily **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


                                    s/John Corbett O'Meara

                                    United States District Judge


Date:  March 2, 2010


        I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 2, 2010, using the ECF system and/or ordinary mail.


                                    s/William Barkholz
                                    Case Manager